UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                          Case No. 2:11-cr-20648-2

      Plaintiff,

                                          HONORABLE STEPHEN J. MURPHY, III

v.

MARCUS JENKINS,

      Defendant.
                                 /

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE [213]**

Defendant Marcus Jenkins moved for a reduction of his sentence to time served under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). ECF 213, PgID 1271. Defendant offers several reasons why he is entitled to a reduced sentence including lingering injuries from a previous car accident, high blood pressure, his age (59 years old), his wife's health issues, that he was the caregiver to his elderly mother, and that his family business will "fold" without him. *Id.* at 1272–73, 1281–82. The Government responded arguing Defendant's conditions were not extraordinary or compelling to warrant a reduction in his sentence. ECF 216. For the following reasons, the Court will deny the compassionate release motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons ("BOP") to bring a motion on his behalf. 18 U.S.C.

1

§ 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). It is Defendant's burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted). And, most importantly, a defendant fails to exhaust his administrative remedies when "the factual basis in the administrative request and the motion before the [C]ourt are different." *United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020).

Defendant's request to the BOP included only his age and high blood pressure as reasons for compassionate release, nothing regarding the other reasons listed in the instant petition. ECF 213, PgID 1341–47. Simply put, the BOP never had "an opportunity to act on the request before Defendant [moved for compassionate release]," on other causes such as his prior injuries or family obligations. *Asmar*, 465 F. Supp. 3d at 719. As a result, the Court will only address the exhausted claims for compassionate release: age and high blood pressure.

Because Defendant has exhausted his request for compassionate release based on his age and blood pressure, ECF 213, PgID 1341, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). Third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claimed "extraordinary and compelling reasons" are unpersuasive for two reasons. First, Defendant claimed that his high blood pressure is an "extraordinary and compelling reason" for release. ECF 213, PgID 1282. The CDC lists high blood pressure as an illness that might increase the risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, (Apr. 12, 2021), https://bit.ly/31WKhck [https://perma.cc/AJV4-3UX7]. But having hypertension is not uncommon. The CDC estimates that "[n]early half of adults in the United States have hypertension." *See Facts About Hypertension*, CDC, (Apr. 9, 2021) https://bit.ly/39Vt7zg [https://perma.cc/P22E-K3SR]. To that end, hypertension does not constitute an extraordinary or compelling reason for compassionate release. *See United States v. Robinson*, 2:17-cr-20632-6, 2021 U.S. Dist. LEXIS 11085, at *2 (E.D. Mich. Jan. 21, 2021) (collecting cases).

And second, Defendant claimed that his age of fifty-nine years old is an "extraordinary and compelling reason" for release. ECF 213, PgID 1273, 1277. The CDC has found that adults in Defendant's age group make up only 14.7% of deaths and 20.5% of COVID-19 cases in the United States. *See Demographic Trends of COVID-19 cases and deaths in the US reported to CDC*, CDC, (Apr. 12, 2021) https://bit.ly/3d9GU7i [https://perma.cc/LD6J-V8TY]. And there is no evidence to suggest that Defendant will be any less likely to contract COVID-19 or experience severe side effects outside incarceration. The Court has repeatedly denied compassionate release for individuals of similar age and health as not constituting extraordinary or compelling circumstances. *See, e.g., United States v. Wilson*, No. 10-

20581, 2020 WL 5422301, at *2 (E.D. Mich. Sept. 10, 2020) (denying compassionate release to a sixty-four-year-old male with hypertension). In sum, the Court will deny a reduction of sentence under the First Step Act because no extraordinary or compelling reasons warrant Defendant's release.

**WHEREFORE**, it is hereby **ORDERED** that the motion for reduction of sentence [213] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 14, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager